## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## <u>LETTER REPORT AND RECOMMENDATION</u>

May 11, 2014

*To Defendant via regular mail*
*To all counsel of record via ECF*

**Re:** **U.S. Bank National Association v. Lemke, et al.**
 **Civil Action No.: 15-655 (ES) (JAD)**

Dear Counsel:

This Letter Report and Recommendation shall address this Court's March 24, 2015 Order requiring Defendant Lemke to show cause why the Court should not remand this matter to the New Jersey Superior Court for lack of subject matter jurisdiction, (ECF No. 2), as well as Defendant Jennifer Lemke's response thereto. (ECF No. 3).

In its Order to Show Cause, the Court addressed both the relevant procedural background for this matter and the legal basis underlying its preliminary determination that Defendant's removal was improper and that this matter should be remanded. (See generally ECF No. 2). The Court incorporates that discussion herein by reference. Specifically, the Court noted that, while Defendant Lemke removed this case to the District Court on the basis of both federal question and diversity jurisdiction, she had not established that either presented a sufficient ground for removal. (Id. at 2-4).

In analyzing whether Plaintiff's claims presented a federal question capable of establishing subject matter jurisdiction in the District Court, this Court recognized that Plaintiff's claims were based solely in state law, and that only Defendant's proposed counterclaims (which are not sufficient to create federal question subject matter jurisdiction) appeared to implicate federal law. (Id. at 3). Defendant Lemke's response confirms the Court's understanding, as she refers to "predatory" lending practices as "the underlying element of [her] case]", (ECF No. 3-1 at 5), and has submitted a "Recent Fact Pattern" describing what she characterizes as her prior mortgage servicer's "egregious" behavior, which prompted her to remove the action to federal court. (ECF No. 3-1 at 11-13). As this Court explained in its March 24, 2015 Order to Show Cause, even counterclaims based in federal law do not establish federal question jurisdiction sufficient to justify removal. (ECF No. 2 at 2-3) (citing cases). To be clear, the Court is not taking any position on the relative merits of Defendant's proposed counterclaims. She may very well have valid claims against her lenders. The Court has simply found that any such counterclaims would be insufficient to establish subject matter jurisdiction in federal court.

With regard to Defendant Lemke's contention that the District Court may exercise subject matter jurisdiction on diversity grounds, the Court raised two points in its Order to Show Cause: (1) Ms. Lemke failed to note Defendant Robert Nason's place of residence, thereby making it impossible for the Court to determine whether there is complete diversity of citizenship in this matter; and (2) as Ms. Lemke herself is a citizen of New Jersey, her removal is barred under the "forum defendant rule" embodied in 28 U.S.C. § 1441(b)(2). (Id. at 3-4). Ms. Lemke now represents that Defendant Nason is a New Jersey citizen. (ECF No. 3-1 at 1).[1] While the Court is

---

[1] Defendant Lemke also argues that Mr. Nason "should not be a party to this action", (id.), but that substantive issue is not properly before the Court at this juncture.

now satisfied that there is complete diversity of citizenship between Plaintiff and all Defendants, this information would appear to exacerbate the forum defendant rule issue (i.e., it is now evident that all defendants were residents of the forum state at the time of removal). Ms. Lemke does not argue that the forum defendant rule is inapplicable here, nor can she, given that both she and Mr. Nason are New Jersey residents. Instead, citing various articles, Defendant Lemke argues that "the circuits are still divided" on whether the forum defendant rule is "jurisdictional" or "procedural" in nature. (Id. at 2-3). Ms. Lemke does not explain why that distinction might matter in this case. (Id.).

Notwithstanding Ms. Lemke's failure to flesh out her argument on the forum defendant rule issue, the Court is obligated to examine this issue carefully. Indeed, just as the District Court has an independent duty to ensure that it continues to have subject matter jurisdiction throughout the lifespan of a case, see, e.g., Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002), it likewise has a general duty (with few exceptions), to exercise jurisdiction in all cases properly brought before it (i.e., in which the court has subject matter jurisdiction over the matter). See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) ("federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."). With that in mind, this Court now examines whether the forum defendant rule provides a suitable basis for the District Court to sua sponte remand this case to the Superior Court of New Jersey.

The United States Court of Appeals for the Third Circuit has previously determined that the bar imposed by the forum defendant rule is "procedural", and not "jurisdictional" in nature. Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) ("The invocation of the removal machinery by a citizen of the forum state, while error, is not a 'jurisdictional' defect under relevant Supreme Court precedent. Rather, it is a 'defect in removal

3

procedure' which can be waived."). The practical effect of that distinction is that a violation of the forum defendant rule "does not deprive a federal court of subject matter jurisdiction . . . [and therefore] must be the subject of a motion to remand within 30 days after filing the notice of removal." (Id. at 51). Here, Plaintiff did not file a timely motion for remand, and the District Court is without authority to remand the matter sua sponte based on Defendant's procedurally deficient removal. See Nelson v. Medtronic, Inc. (In re FMC Corp. Packaging Sys. Div.), 208 F.3d 445, 451 (3d Cir. 2000) ("We hold that the District Court exceeded its authority under section 1447(c) when it remanded these actions, sua sponte, based on what it identified as procedural defects in the petition for removal.").

The record, as clarified by Defendant Lemke's response to this Court's Order to Show Cause, now reflects that the District Court may exercise subject matter jurisdiction over this matter on the basis of diversity of citizenship. While Defendant's Notice of Removal was procedurally infirm, the Court may not sua sponte remand the case on that basis.

**CONCLUSION**

Based on the foregoing, this Court respectfully recommends that the District Court permit this case to continue in the ordinary course. The Court notes that, although Defendant removed this case to federal court on January 30, 2015, she never filed an answer, and Plaintiff never applied for an entry of default. This Court therefore respectfully suggests that the District Court enter an order requiring the litigants to move this civil action.

_____
**JOSEPH A. DICKSON, U.S.M.J.**

cc:     Jose L. Linares, U.S.D.J.

4